

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

**Gerald C. Mann**
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

**AUSTIN**

*Modified by*
*O-2357-A*
*as far as Graham*
*District is*
*concerned*

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 2357
Re: Eligibility of Ranger Inde-
pendent School District for
participation in the trans-
portation fund under provi-
sions of current equalization
law.

In your letter of May 14, 1940, you request our opinion as to whether or not the Ranger Independent school district is eligible for participation in the transportation fund under Section 2 of House Bill No. 933, 46th Legislature. The facts sub-mitted to us in connection with your request are that said dis-trict has more than five hundred scholastics, it is nine miles long, has more than forty-eight square miles in area and has within its boundaries a city having a population of more than thirty-six hundred (3600) inhabitants according to the last pre-ceding Federal Census.

Section 2 of said House Bill No. 933, being Chapter 10, beginning at page 468, Volume 2, Acts of the 46th Legislature, Regular Session, 1939, reads as follows:

"Sec. 2. **Scholastic Population of the District.-** State aid under the provisions of this Act shall be distributed in such a way as to assist all school districts of not fewer than twenty (20) scholastics and not more than five hundred (500) scholastics, and consolidated and/or rural high school districts which have an average of not more than two hundred (200) scholastics of each original district composing the consolidated and/or rural high school district unit;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

provided that the maximum limitations as to scholastic
population herein set forth shall not apply for any
type of aid to any school district which is nine
miles (9) or more in length or contains forty-eight
(48) square miles of territory or more, provided
there is not located in such district an incorporated
city or town having a population of more than thirty-
six hundred (3600) inhabitants, according to the last
preceding Federal Census; if the budgetary needs of
such school district coming within the provisions of
this exception show a need therefor as provided in this
Act.  Provided that schools in sparsely settled counties
may be exempt from the minimum restrictions of twenty
(20) scholastics, as hereinafter defined; provided, how-
ever, that the Joint Legislative Advisory Committee
may extend teacher aid not to exceed one in common
school districts of less than thirty-five scholastics
where there is located in such school districts two
school plants and when in such districts there are
physical barriers between such school plants of such
nature as to render it impractical to have one school
plant when such additional teacher is recommended by
the Director of Equalization; provided that in such
cases the district applying for aid shall be levying
and collecting the limit of local tax support as pro-
vided by Section 6 of this Act."

You will recall that in our opinion No. O-1300, we
held that this district was eligible for transportation aid out
of the equalization fund provided for the 1937-1939 biennium.
However, House Bill No. 133, 45th Legislature, providing the
equalization fund for that biennium, expressly excepted from
the maximum scholastic limit, in so far as transportation aid
was concerned, all school districts containing forty-eight square
miles of territory or more or which were nine miles or more in
length.  That exception is not contained in the current act,
House Bill No. 933, 46th Legislature.  Under this act, it is
generally provided that a school district having more than five
hundred scholastics may not receive aid under this act.  However,
an exception is then provided for those districts which are nine
miles or more in length or which contain forty-eight square
miles of territory or more, provided such long or large school
district does not have within its boundaries a city having a
population of more than thirty-six hundred inhabitants.  Since
the school district in question does have within its boundaries
a city of more than thirty-six hundred inhabitants according
to the last preceding Federal Census it receives no benefit

from the exception and is, therefore, not entitled to receive transportation aid under the present equalization law, being House Bill No. 933 aforesaid. Our answer is, therefore, a negative one.

You also include in your request the Graham Independent School District and since the facts are the same with reference to it as to the Ranger Independent School District, the answer would be the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(signed)

By

Glenn R. Lewis
Assistant

GRL:N:ddt

Approved
May 29, 1940
signed:
Gerald C. Mann
Attorney General
of Texas

Approved
Opinion
Committee
By B. W. B.
Chairman